IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TRAVELL BRADFORD**,

           Plaintiff,

    v.

**CLACKAMAS COUNTY**, et al.,

           Defendants.

CV NO. 08-644-HU

FINDINGS AND RECOMMENDATION

Travell Bradford
# 8848100
2605 State Street
Salem, Oregon 97310
    Pro se

Kathleen J. Rastetter
Clackamas County Counsel
2051 Kaen Road
Oregon City, Oregon 97045
    Attorney for defendants

HUBEL, Magistrate Judge:

    This is a civil rights action based on use of excessive force, brought by Travell Bradford, a prisoner at the Oregon State Penitentiary. Defendant Clackamas County has been dismissed from the case; the remaining defendants are individuals Gary Bergerson, Gregory Senior, Mark Moore, and Robert Dunkle. On September 16,

FINDINGS AND RECOMMENDATION Page 1

2009, I entered Findings and a Recommendation that Bradford's motion for "default summary judgment" (doc. # 10) be denied. Defendants now bring their own motion for summary judgment (doc. # 86).

## Standard

A party is entitled to summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Summary judgment is not proper if genuine issues of material fact exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). A genuine dispute arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." State of California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003). The mere existence of *some* issue of alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. Scott v. Harris, 550 U.S. 372, 380 (2007)(emphasis in original)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

## Discussion

Bradford alleged in his complaint that on May 31, 2006, Deputy Senior injured him in an unprovoked physical attack while he was

FINDINGS AND RECOMMENDATION Page 2

being transferred from the Clackamas County Jail to Coffee Creek Correctional Facility.  Bradford claims that Senior struck him in the stomach with his fist several times, choked him, and engaged in verbal threats and abuse. He alleges further that Deputy Moore and Sergeant Dunkle observed the incident, but did not intervene.

Deputy Senior has submitted a declaration stating that as they approached the transfer area, Bradford began to turn around and push back against him, then trying to spin out of Senior's grip. Senior Declaration ¶ 4. Senior denies that he choked, punched, hit, dragged or slammed Bradford into anything, and denies that he communicated any racial or religious slurs to him. Id. at ¶¶ 8, 9. Senior states that at no time did Bradford complain to him of being hurt, and did not appear to be injured as a result of the takedown. Id. at ¶ 10.

Moore states in his declaration that Bradford refused to exit his cell in a timely manner for transport, and as a result Senior had to escort him from his cell block to the transfer area. Moore Declaration ¶ 3. Moore states that he saw Bradford pushing back against Senior and refusing to walk forward, but says he did not see Senior take Bradford to the floor. Id. at ¶ 7. Moore also says he did not see Senior choke, punch, hit, drag or slam Bedford, and did not hear any racial or religious slurs made to Bradford. Id. at ¶¶ 9, 10. According to Moore, Bradford did not complain at any time of being hurt and did not appear injured. Id. at ¶ 11.

Dunkle states that he saw Bradford resisting Senior and trying to pull away. Senior then took Bradford to the ground

FINDINGS AND RECOMMENDATION Page 3

"momentarily," and returned Bradford to his feet. Dunkle at ¶ 6. Bradford appeared uninjured. Id. Dunkle says that in his opinion, Senior used an appropriate amount of force to gain control of Bradford, and that he did not see anyone else physically assault Bradford or hear any racial or religious slurs. Id. at ¶¶ 7-10. Dunkle states that he did not hear Bradford complain of being hurt, and that he did not appear to be injured. Id. at ¶ 11.

Bergerson states in his declaration that Bradford resisted Senior, but that he was not present when Senior took Bradford to the floor. Bergerson Declaration ¶ 4, 6. Bergerson says he saw Bradford in the transfer area after the alleged incident and did not observe any sign of injury. Id. at ¶ 12.

Defendants have filed, under seal, a videotape, without sound, of the events at issue. They argue that no reasonable jury could conclude from the evidence that Senior used excessive force on plaintiff, so that they are entitled to summary judgment. Bradford has countered with unsworn statements denying defendants' versions of the facts and their interpretation of the videotape. I viewed the videotape and I cannot say that no reasonable juror could conclude that Senior used excessive force on plaintiff while they were out of sight of the camera in the supply room. Nor does the videotape reveal unequivocally the extent of the force Senior used either on Bradford's neck or in the takedown. I conclude that a genuine issue of material fact precludes summary judgment in Senior's favor.

However, with respect to Deputies Moore and Bergerson and

FINDINGS AND RECOMMENDATION Page 4

Sergeant Dunkle, Bradford has alleged only that they observed the events at issue and did nothing to intervene.

In order for a person acting under color of state law to be liable under § 1983, there must be a showing of personal participation in the alleged rights deprivation. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Bradford has not produced evidence of personal participation that would support the personal liability of Dunkle, Moore and Bergerson under an excessive force claim. Nor can § 1983 liability be based on respondeat superior. <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 692-94 (1978); <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987). A supervisor may be liable based on his own participation in a deprivation, <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for the constitutional violation of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor</u>, 880 F.2d at 1045 (9th Cir. 1989).

### Conclusion

I recommend that defendants' motion for summary judgment (doc. # ) be DENIED with respect to defendant Senior, and GRANTED with respect to defendants Bergerson, Dunkle and Moore.

### Scheduling Order

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 14, 2010. If no objections are filed, then the Findings and Recommendation will go

FINDINGS AND RECOMMENDATION Page 5

under advisement on that date. If objections are filed, then a response is due July 1, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 26th day of May, 2010.

                                              s/ Dennis James Hubel
                                          Dennis James Hubel
                                       United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 6