UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TRAVELL L. BRADFORD,

       Plaintiff,                                        Civil No. 08-644 -JE

     v.                                               ORDER

CLACKAMAS COUNTY, *et al.*,

       Defendants.

HAGGERTY, District Judge:

       Magistrate Judge Jelderks has issued a Findings and Recommendation [116] in this action. The Magistrate Judge recommended denying defendants' Motion for Summary Judgment [86] with respect to defendant Gregory Senior and granting the Motion for Summary Judgment with respect to defendants Gary Bergerson, Mark Moore, and Robert Dunkle. Plaintiff, acting *pro se*, and defendants have filed objections. For the following reasons, this court adopts the Findings and Recommendation.

**<u>STANDARDS</u>**

1 - ORDER

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

**DISCUSSION**

The facts of this case will be addressed as necessary by this court's analysis of the parties' objections.  Plaintiff brings this prisoner civil rights action based on the use of excessive force.  The Magistrate Judge recommended dismissing defendants Bergerson, Dunkle, and Moore because plaintiff has not produced evidence of personal participation in the alleged acts by those defendants that would support personal liability on an excessive force claim.  *Jones v. WIlliams*, 297 F.3d 930, 934 (9th Cir. 2002).  However, the Magistrate Judge found that there was a question of fact regarding whether defendant Senior used excessive force on plaintiff.

Plaintiff objects to the dismissal of defendants Bergerson, Dunkle, and Moore arguing that they were deliberately indifferent to the excessive force utilized by defendant Senior.  "A prison official may be held liable for failure to protect an inmate from a use of excessive force if he is deliberately indifferent to a substantial risk of serious harm to an inmate."  *Estate of Davis by Ostenfeld v. Delo*, 115 F.3d 1388, 1395 (9th Cir. 1997) (citations omitted).

The evidence of record is insufficient to support personal liability for defendants Bergerson, Dunkle, and Moore.  A reasonably jury could not conclude that these defendants were deliberately indifferent to a substantial risk of serious harm to plaintiff.  This court adopts the Magistrate's recommendation that those defendants be dismissed.

Defendants contend that defendant Senior should also be dismissed because the force used

2 - ORDER

by defendant Senior was *de minimis*, and was not malicious in origin. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The Magistrate Judge concluded that a genuine issue of material fact regarding the amount of force utilized by defendant Senior precludes summary judgment in his favor. This court has reviewed the videotape that shows portions of the incidents in question and agrees with the Magistrate Judge that a question of fact remains regarding the force utilized by defendant Senior. In particular, it is impossible for the court to determine what occurred while defendant Senior and plaintiff are out of sight, and it is also difficult to ascertain the amount of force utilized by defendant Senior during "the takedown." Importantly, the video recording reveals no actions taken by plaintiff that precipitated the use of force. It does not appear plaintiff is resisting or provoking defendant Senior when he is suddenly forced face-first into the wall and thrown to the floor. As such, a reasonably jury could conclude that defendant Senior's actions were malicious or sadistic, and were taken for the purpose of causing harm. Combined with plaintiff's allegations regarding racial and religious comments made by defendant Senior, a material question of fact remains regarding whether he used excessive force and summary judgment is inappropriate. Accordingly, plaintiff may proceed with his Eighth Amendment claim against defendant Senior.

/ / / /

/ / / /

/ / / /

/ / / /

3 - ORDER

**CONCLUSION**

The Findings and Recommendation [116] is adopted.  Defendants' Motion for Summary Judgment [86] is DENIED with respect to defendant Gregory Senior and GRANTED with respect to defendants Gary Bergerson, Mark Moore, and Robert Dunkle.

IT IS SO ORDERED.

Dated this   13   day of July, 2010.

>        /s/ Ancer L. Haggerty
> Ancer L. Haggerty
> United States District Judge