IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TRAVELL L BRADFORD,                          3:08-CV-00644-BR

              Plaintiff,              OPINION AND ORDER

v.

GREGORY SENIOR,

              Defendant.


**TRAVELL L BRADFORD**
# 8848100
Oregon State Penitentiary
2605 State Street
Salem, OR 97310

          Plaintiff, *Pro Se*

**STEPHEN LEWIS MADKOUR**
Clackamas County Counsel
**KATHLEEN J. HANSA RASTETTER**
Assistant County Counsel
2051 Kaen Road
Oregon City, OR 97045
(503) 655-8362

          Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Gregory Senior's Bill of Costs (#223).  For the reasons that follow, the Court awards costs to Defendant in the amount of **$2,194.55**.

**BACKGROUND**

On May 29, 2008, Plaintiff Travell Bradford, an inmate at the Oregon State Penitentiary, filed a *pro se* Complaint in this Court pursuant to 42 U.S.C. § 1983 in which he alleged Defendants Clackamas County, Sheriff Craig Roberts, Sheriff's Deputy Senior, Sheriff's Deputy Roth, Sheriff's Deputy Moore, and Sheriff's Deputy Bergersen violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

On August 19, 2008, the Court entered an Order dismissing as untimely Plaintiff's claims under the First and Fourteenth Amendments.  The Court directed this matter would proceed only as to Plaintiff's claim for violation of the Eighth Amendment.

On May 26, 2010, Magistrate Judge Hubel issued Findings and Recommendation in which he recommended the Court deny Defendants' Motion for Summary Judgment as to Plaintiff's claim against Deputy Senior and grant Defendants' Motion as to Plaintiff's claims against the remaining Defendants other than Deputy Senior.

On July 13, 2010, the Court entered an Order adopting the

Findings and Recommendation and dismissing Plaintiff's claims against the remaining Defendants other than Deputy Senior.

On April 22, 2011, the Court appointed *pro bono* counsel for Plaintiff.

On September 7, 2011, Plaintiff filed an Amended Complaint pursuant to 42 U.S.C. § 1983 in which he alleged Deputy Senior violated his right to be free from cruel and unusual punishment under the Eighth Amendment.

On February 14-17, 2012, Plaintiff's claim was tried to a jury. On February 17, 2012, the jury entered a Verdict in favor of Defendant. The Court entered a Judgment on February 24, 2012.

On February 28, 2012, Defendant filed a Bill of Costs. On March 9, 2012, Plaintiff filed an Objection to Defendant's Cost Bill.

## STANDARDS

Absent a showing of circumstances not relevant here, an award of costs is generally governed by federal law. *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum). Accordingly, the Court applies federal law to the issue of awarding costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

A judge or clerk of any court of the United
States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any
part of the stenographic transcript necessarily
obtained for use in the case;
(3)Fees and disbursements for printing and
witnesses;
(4)Fees for exemplification and copies of papers
necessarily obtained for use in the case;
(5)Docket fees under section 1923 of this title;
(6)Compensation for court-appointed experts,
compensation of interpreters, and salaries,
fees, expenses, and costs of special
interpretation services under § 1828 of this
title.

A bill of costs shall be filed in the case and,
upon allowance, included in the judgment or
decree.

The court has broad discretion to allow or to disallow a

prevailing party to recoup costs of litigation.  The court,

however, may not tax costs beyond those authorized by § 1920.

*Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).


### DISCUSSION

Defendant seeks costs of $2,194.55 comprised of court-

reporter fees.  Defendant supports his request with the

Declaration of Kathleen J. Rastetter and receipts for the costs

of the transcripts ordered.

Plaintiff contends the Court should not require him to pay

Defendant's costs because Plaintiff makes only $70 per month and

he does not have any other employment because he is incarcerated.

4 - OPINION AND ORDER

In addition, Plaintiff notes he does not have any assets or sources of funds. Plaintiff, therefore, asserts he does not have the resources to pay Defendant's costs, and it would be inequitable for the Court to require him to do so.

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The Court's discretion, however, is not unlimited. A district court must specify appropriate reasons for a refusal to award costs. *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the Court must make specific findings that the "case is not 'ordinary' and . . . it would be inappropriate or inequitable to award costs." *Id.* at 593. Appropriate reasons for a district court to deny costs to a prevailing party include the losing party's limited financial resources and any chilling effect a high award of costs might have on future litigants. *Id.* at 592. The losing party has the burden to prove that costs should not be awarded based on the party's inability to pay. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

The Court recognizes a cost of approximately $2,000 can be a steep one for an incarcerated individual and Plaintiff has

5 - OPINION AND ORDER

established he does not have extensive resources to pay Defendant's costs.  The Court, however, concludes this matter was an "ordinary" Eighth Amendment case and the amount at issue here is not so great as to create a chilling effect on future litigants.  Accordingly, the Court awards Defendant his requested costs.

## **CONCLUSION**

For these reasons, the Court awards costs to Defendant in this action in the amount of **$2,194.55**.

IT IS SO ORDERED.

DATED this 26th day of April, 2012.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge